UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

MATTHEW BRUCE HINTZE and                Case No. 12-10462-KKS
LARINA K. HINTZE                        Chapter 7

      Debtors.
_____/

**OBJECTION TO REPORT AND NOTICE OF**
**TRUSTEE'S INTENTION TO SELL PROPERTY OF THE ESTATE (DOC. NO. 562)**

      Christopher James ("James") and TutoringZone II, LLC ("TZII"), by and through their undersigned counsel, object to the Report and Notice of Trustee's Intention to Sell Property of the Estate (Doc. No. 562) ("Sale Notice"), and state as follows:

**Summary of Argument**

      Via the Sale Notice, the Trustee seeks to sell the extent of her interest in Tutoring Zone, LC, and all of her causes of action in Adversary Proceeding No. 14-01005-KKS ("Adversary Proceeding"). The proposed buyer is TZ Acquisition, LLC ("Purchaser"). To begin with, TZII and James specifically reserve all rights to argue in favor of approval of their Compromise with the Trustee (Doc. No. 550). This Objection is limited to the Sale Notice, itself, to the extent it seeks to convey all of the Trustee's causes of action in the Adversary Proceeding.

      In short, the Trustee cannot sell all of her causes of action in the Adversary Proceeding because such sale to the Purchaser, a third-party non-creditor, is not permitted by the Bankruptcy Code or Florida law. Specifically, the Trustee cannot sell her avoidance actions or any of the causes of action that belong to Tutoring Zone. Such actions are neither property of the estate nor legally assignable under the Bankruptcy Code or Florida law. At best, the Trustee can only sell her claims in Counts I through IV, and Count IX.

**Background**

James and TZII, along with other parties, entered into a compromise with the Trustee to resolve several adversary proceedings and other matters. The compromise included a monetary payment to the Estate and avoided additional administrative costs for the Trustee (the "Compromise"). See Doc. No. 550. The Investor Creditors filed an objection to the Compromise, which objection eventually evolved into a last-minute oral offer to purchase the estate's interest in TutoringZone, LC ("TZI") and any associated causes of action. In light of the objection and offer, the Court continued the hearing to approve the Compromise and established a parallel 363 sale track.

The Trustee then filed her Sale Notice (prepared by TZ Acquisition, LLC) to sell all causes of action in the Adversary Proceeding, along with whatever interest she has in TZI. The proposed buyer is non-creditor, TZ Acquisition, LLC (which presumably stands for Tutoring Zone Acquisition), which lists its manager as Steven Fieldman, the father of Ethan Fieldman. Ethan Fieldman is the manager of Study Edge, LLC, a competitor of TZII. The causes of action in the Adversary Proceeding are as follows:

Counts I through IV, and Count IX[1]
(actions to determine the ownership and control of Tutoring Zone) ("Dec Actions")

Counts V through VII and XIII through XV)
(avoidance actions under sections 544, 547 and 548) ("Avoidance Actions")

Counts X through XI[2]
(claims concerning actions taken by "members" of Tutoring Zone) ("Tort Actions")

Count XII[3]
(action seeking denial of discharge of Debtor, Matt Hintze) ("Discharge Action")

Counts XVI through XX

---

[1] James and TZII do not take a position as to the sale of Counts I through IV and Count IX.
[2] James and TZII do not take a position as to the sale of Counts X through XI.
[3] James and TZII do not take a position as to the sale of Count XII.

2

(actions belonging to Tutoring Zone) ("Tutoring Zone Actions")

As explained below, the Trustee cannot sell the causes of action as proposed in the Sale Notice.

### A. The Trustee cannot sell the Tutoring Zone Actions as they are not property of the estate.

Section 363(b) permits a trustee to "sell . . . property of the estate . . . ." Section 541 is entitled "Property of the estate" and subsection (a)(1) provides that property of the estate is "all legal or equitable interests of the debtor in property as of the commencement of the case." Under this straightforward analysis, if the debtor did not have an interest in certain property when the bankruptcy case was commenced, the property cannot be sold by a trustee.

In this case, the Trustee cannot sell the Tutoring Zone Actions in the Adversary Proceeding because those causes of action belong to Tutoring Zone, not to the Estate. Regardless of whether the Debtors held an interest in Tutoring Zone when the Bankruptcy Case was filed, assets of Tutoring Zone do not become property of the Debtors' bankruptcy estate:

> A corporation is, by legislative enactment, an entity . . . . It is such, separate and distinct from the persons who own its stock. This statutory entity, so long as it exists, is the owner of all of the property which the corporation possesses. An individual shareholder has no property interest in its physical corporate assets.

In re Linderman, 20 B.R. 826, 828 (Bankr. W.D. Wash. 1982) (finding that debtors were not entitled to exemption on home because corporation, which was owned solely by the debtors, paid for mortgage on home and thereby retained an equitable interest in the home); see In re McGregor, 182 B.R. 96, 99 (Bankr. S.D.N.Y. 1995) (holding that creditor did not violate automatic stay when collecting rents because rents belonged to debtor's corporations, not debtor). Thus the Tutoring Zone Actions are not property of the Estate and are therefore not subject to sale by the Trustee under section 363.

To the extent the Court concludes that the Tutoring Zone Actions may be conveyed, the ultimate buyer should not be permitted to pursue those actions in this Court, as this Court would no longer have jurisdiction post sale.

### B.    The Avoidance Actions are not property of the estate capable of being sold by the Trustee.

As for the Avoidance Actions, Courts are divided on whether avoidance actions are property of the estate. See In re Cybergenics, 226 F.3d 237, 245-47 (3d Cir. 2002) (not property of the estate), Steffen v. Gray, Harris & Robinson, P.A., 283 F. Supp. 2d 1272, 1284 n. 24 (M.D. Fla. 2003), aff'd, 138 Fed. Appx. 297 (11th Cid. 2005) (not property of the estate); compare with In re Moore, 608 F.3d 253, 262 (5th Cir. 2010) (property of the estate), In re C.D. Jones & Co., Inc., 482 B.R. 449, 457 (Bankr. N.D. Fla. 2012) (Specie, J.) (citing Moore). The divide primarily stems from whether avoidance actions can be sold.

The reasoning behind avoidance actions not being property of the estate is based on the plain language of section 541 coupled with the fact that a debtor does not possess any pre-petition avoidance action under state law; avoidance actions belong to creditors pre-petition. Instead, avoidance actions are a "power" of the trustee to exercise for the benefit of the estate. Cybergenics, 226 F.3d at 244-45. Indeed, the plain language of sections 544, 547, 548, 549, and 550 limit these powers exclusively to a "trustee."[4] This reasoning is further bolstered by section

---

[4] Outside of a trustee, only a court-approved creditor can take on the powers of a trustee to pursue an avoidance action derivately. In re Racing Servs., Inc., 540 F.3d 892, 900 (8th Cir. 2008), In re Zwirn, 362 B.R. 536, 542 (Bankr. S.D. Fla. 2007) (Cristol, J.), In re Greenberg, 266 B.R. 45, 51 (Bankr.E.D.N.Y.2001), In re Vogel Van & Storage, Inc., 210 B.R. 27, 33–34 (N.D.N.Y.1997) aff'd 142 F.3d 571 (2d Cir.1998)), In re V. Savino Oil & Heating Co., Inc., 91 B.R. 655, 657 (Bank. E.D.N.Y. 1988). Even then, the recovery is restricted to benefiting the estate as a whole, not just the empowered creditor. In re Jennings, 378 B.R. 678, 682 (Bankr. M.D. Fla. 2006) (Glenn, J.). (citing In re Parmetex, 199 F.3d 1029, 1030-31 (9th Cir. 1999)) (conditioning the conferred standing on the requirement that any recovery inure to the benefit of the entire estate, not just the individual creditor.) As such, only the trustee has standing to pursue actions that are property of the estate. See also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) ("The question thus becomes whether it is a proper inference that the trustee is the only party empowered to invoke the provision. We have little difficulty answering yes.")

541(a)(3), which provides that "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title" is also property of the estate." As stated in Steffen, a conclusion that avoidance actions are property of the estate contradicts the plain language of section 541(a)(3) by rendering it "to be superfluous." 283 F. Supp. 2d at 1284 n. 24. Thus, the Code by its terms provides no authority for a trustee to sell an avoidance action as it cannot be considered property of the estate on which section 363 can operate.

The opposing reasoning tends to ignore the plain language of section 541 and instead focuses on section 544 bringing a "strong arm" avoidance action within the purview of property that can be sold. See Moore, 608 F.3d at 261-62.[5] This reasoning seems to conflate the exclusivity committed to a trustee to assert "inherited" avoidance actions with the trustee's right to assign the cause of action.

In this case, the Court should follow the Code-based approach of Cybergenics and depart from the reasoning of Moore. While this Court, in In re C.D. Jones, adopted the reasoning in Moore to support its determination that a Chapter 7 trustee owned an alter ego action and state law fraudulent transfer actions to the exclusion of creditors, this Court did not determine that a trustee could sell avoidance actions at will. Instead, the Court's conclusion in C.D. Jones was simply a reiteration of the exclusivity enjoyed by a trustee to pursue avoidance actions to the exclusion of the debtor's creditors. Moore's reasoning was not necessary in order to maintain the trustee's exclusivity and rendering the holding in C.D. Jones. In fact, the Court's reference to Saunders, 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989) (Killian, J.) makes that clear and actually contradicts the reasoning of Moore. Saunders held:

> The fraudulent transfer cause of action itself is not considered property of the estate since the avoidance of such a transfer is not a cause of action assertable by

---

[5] Even then, however, courts are not willing to extend the same analysis to the bankruptcy-specific causes of action, like section 547 or 548 actions. Id. at 261, n. 13.

the debtor. It can only be asserted by a creditor (absent a case under Title 11, U.S.C.) or by a trustee in bankruptcy. The trustee's right to pursue the action flows not from the turnover provisions of § 542 but from his avoidance powers under §§ 544 and 548.

The Fifth Circuit[6], in our opinion, used an exceedingly broad interpretation of § 541(a) in an effort to reach what is ultimately the right result under the Code, i.e. that a state court fraudulent transfer action is stayed by § 362. The action is stayed, but not by § 362(a)(3). The cited cases have overlooked what we think is the applicable provision of § 362(a). It is our view, and we hold, that a pre-petition state court fraudulent transfer action is subject to the provisions of § 362(a)(1) which prohibits:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;11 U.S.C. § 362(a)(1).

101 B.R. at 305. Thus, section 362(a)(1) maintains the trustee's exclusivity without having to ignore or work around the plain language of section 541 and find that a debtor owns a fraudulent transfer action pre-petition (state law does not support this) or find that section 544 somehow adds to section 541's clear definition of what constitutes property of the estate (the Code does not support this). Accordingly, this Court need not again adopt the reasoning in Moore, and should instead find that avoidance actions are not property of the estate capable of being sold under section 363.

## Conclusion

In conclusion, the Trustee cannot sell either the Tutoring Zone Actions or the Avoidance Actions because they are not property of the estate subject to sale under section 363. Accordingly, the Court should sustain this Objection and prohibit the Trustee from completing the sale as contemplated in the Sale Notice.

---

[6] Referring to In re MortgageAmerica Corp., 714 F.2d 1266 (5th Cir. 1983) and In re S.I. Acquisition, Inc., 817 F.2d 1142 (5th Cir. 1987), on which Moore was founded.

WHEREFORE, James respectfully requests that the Court sustain this Objection, prohibit the Trustee from proceeding with the sale contemplated in her Sale Notice, instead approve of the Compromise James has reached with the Trustee, and grant such other relief as is necessary and just.

Date February 2, 2016.                    Respectfully submitted,

*/s/ Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
ANDREW ROY
Florida Bar No. 91629
aroy@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
Post Office Box 1391
Orlando, FL 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for TutoringZone II, LLC
and Christopher James

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2016, a true and correct copy of the foregoing has been furnished via:

**CM/ECF to:**

Seldon J. Childers, Esq.
ChildersLaw, LLC
2135 N.W. 40th Terrace, Suite B
Gainesville, FL 32605

Trevor A. Thompson, Esq.
c/o Clark, Partington, Hart
106 East College Avenue, Suite 600
Tallahassee, FL 32301

*Trustee*
Theresa M. Bender
P.O. Box 14557
Tallahassee, FL 32317

*U.S. Trustee*
United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301

TZ Acquisition LLC
c/o Robert D. Wilcox, Esq.
814 A1A North, Suite 202
Ponte Vedra Beach, FL 32082
rw@wlflaw.com

Intermed Recovery, LLC
Betsy C. Cox, Esquire
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
bcox@rtlaw.com

**U.S. Mail to:**

Matthew Bruce Hintze
708 N.E. Blvd.
Gainesville, FL 32601

Larina K. Hintze
708 N.E. Blvd.
Gainesville, FL 32601

                                                */s/ Ryan E. Davis*
                                                RYAN E. DAVIS